LEOPOLD HAAS et al., Respondents, *v.* LOUIS SELIG et al., Appellants.

(City Court of New York, General Term, January, 1899.)

Rescission — An offer to rescind a sale must be accepted.

An answer, to an action for goods sold, which alleges that the defendants were entirely agreeable that the plaintiffs should rescind the sale and permitted them to do so, but which fails to allege that such consent was submitted to the plaintiffs and was accepted by them, presents no defense.

APPEAL from a judgment in favor of plaintiffs.

Max D. Steuer, for appellants.

Benno Loewy, for respondents.

FITZSIMONS, Ch. J. The complaint alleges that on the 21st day of April, 1898, the plaintiffs sold and delivered goods to the defendants at their request of the reasonable and agreed upon value

of $295.31, their refusal to pay upon demand, and asks for judgment accordingly.

The answer alleges as follows:

" First. Upon information and belief, that subsequent to the 21st day of April, 1898, and prior to the commencement of this action, these plaintiffs claimed that these defendants had obtained the goods mentioned and referred to in the complaint under false and fraudulent representations, by the defendants made to the plaintiffs as to defendants' financial responsibility, and that the plaintiffs had relied upon the said representations and believed them to be true, and relying on them had parted with their goods, and, therefore, the plaintiffs claimed to have a right to rescind the sale of the said goods, and demand a return of said goods, and wholly revoked, canceled and annulled the said sale.

" Second. That heretofore, and prior to the commencement of this action, the sheriff of the county of New York, under and pursuant to certain writs of replevin, issued by Nathaniel Whitman, George H. Dunham, Arthur L. Lescher, Thomas W. Lowell and Raymond Lesher, doing business as Lesher, Whitman & Company, and also under a writ of replevin issued to the said sheriff by Herman Hahlo, Julius H. Hahlo, and Henry G. Hahlo, against these defendants, and also under a writ of replevin issued by Moses Mendelson and Sigmund Mendelson, against these defendants, took from the possession of these defendants the goods mentioned and referred to in the complaint herein.

" Third. Upon information and belief, these plaintiffs after the said goods had been taken from these defendants by Thomas J. Dunn, as sheriff of the county of New York, under and by virtue of these various writs of replevin, made demand upon the said sheriff for the return of the said goods to them (the plaintiffs), the plaintiffs having previously rescinded their sale to these defendants of the said goods, and claimed to have a right to recover the same from the possession of Thomas J. Dunn, as sheriff of the county of New York, who took the said goods from the possession of these defendants.

" Fourth. That the defendants were entirely agreeable that the plaintiffs should rescind the said contract of sale, and the defendants were perfectly willing to restore the said goods to the plaintiffs, and are perfectly willing that the plaintiffs become possessed of the goods, and consented that the plaintiffs should take the said goods from the possession of said sheriff, who unlawfully and with-

out right or authority took the same from the possession of these defendants."

The issues so framed coming on for trial, the court upon motion directed the jury to find a verdict upon the pleadings in favor of the plaintiffs for the sum of $296.45, which was done, and defendants moved to set aside such verdict, which motion was denied, hence this appeal.

In our judgment, the trial judge was right in his direction, accepting as true all of the allegations contained in the answer.

It does not appear that plaintiffs and defendants between them agreed as to the truth of the said allegations and further agreed to rescind and cancel the sale of the said goods, the most that the defendants' answer alleges is, that they were entirely agreeable that plaintiffs should rescind the contract of sale, and permitted the plaintiffs to so rescind.

It does not allege that such consent was submitted to the plaintiffs and accepted by them.

This, we think, was a necessary allegation in this instance; as we view this matter, the material allegations of defendants' answer, to be of use to them herein, should have alleged that such rescission was not alone demanded by plaintiffs, but was agreed to by the defendants, and that such consent was communicated to and accepted by plaintiffs.

Nothing of that kind is alleged. It, therefore, appears to us that the judgment must be affirmed, with costs, and is so affirmed.

O'DWYER, J., concurs.

Judgment affirmed, with costs.